STATE of Vermont v. Travis MARSH (Edgar Hooke, d/b/a Marble Valley Bail Bonds, Ltd., Appellant)

[789 A.2d 939]

No. 01-110

December 19, 2001. Surety Marble Valley Bail Bonds, Ltd. appeals from an order of the district court forfeiting bail following defendant's nonappearance at a status conference. On appeal, surety argues that the court acted improperly in "impounding" bail before ordering the forfeiture, that bail was forfeited for failure to comply with conditions of release rather than nonappearance, and that surety did not have notice and defendant had insufficient notice of the required appearance. We affirm.

Defendant Travis Marsh was charged with lewd and lascivious conduct in May 2000. On November 3, 2000, surety posted $5,000 bail, and defendant was released subject to conditions. Among those conditions, defendant agreed to appear in court as required by notice to himself or his attorney, that he reside in Rutland or Windham counties, and that he observe a curfew of 8:00 P.M. to 6:00 A.M. As part of the appearance bond signed by surety and defendant, surety acknowledged that the purpose of the bond was "to insure the attendance of the

defendant at all court proceedings, and that as surety it [was its] responsibility to know when and where the defendant is to appear."

On January 2, 2001, the State filed a motion requesting an immediate status conference at which defendant would be required to appear. The court granted the motion on that afternoon, scheduling the status conference for 9:00 A.M. the next day, January 3. Defendant's attorney received notice of the hearing. The status conference was held as scheduled, and defendant failed to appear. Therefore, the court issued an arrest warrant for defendant, ordered the bail impounded, and scheduled a forfeiture hearing. Later in the day on January 3, defendant was arrested in Texas by local authorities. He was returned to Vermont several days later. On January 18, 2001, the court held a forfeiture hearing at which surety and defendant were present. The court determined that because defendant failed to appear at the January 3 status conference, defendant had violated his appearance condition, and ordered the bail forfeited. Surety appeals.

Surety's first argument on appeal is that it was improper for the court to "impound" bail following defendant's nonappearance, pending the forfeiture hearing. Surety contends that the court had no statutory authority to "impound" bail because the term does not appear in any statute relating to bail, and that even if there were such a procedure, surety was entitled to notice of the proceeding. We acknowledge that it is unclear what the court intended by "impounding" bail, and the record indicates that surety was not present at the January 3 hearing when the court issued the order. Nevertheless, surety's arguments are unavailing for the simple reason that surety failed to demonstrate prejudice. See V.R.C.P. 61; *Ordinetz v. Springfield Family Ctr., Inc.,* 142 Vt. 466, 470, 457 A.2d 282, 284 (1983) ("Reversal . . . does

not follow as a matter of course. . . . V.R.C.P. 61 . . . requires examination of just how the court's ruling affected the rights of the [party], not merely procedurally, but in matters truly of substance."). That is, surety has made no showing that "impounding" bail harmed its interests in any way.

Surety claims that "impounding" bail prevented it from exercising the statutory authority to surrender defendant and recover the bond. If we accept for the moment that by "impounding" bail the court intended to prevent surety from recovering the amount of the bond until the forfeiture hearing, there was still no error. Title 13 V.S.A. § 7562 grants surety the right to apply for a warrant to apprehend defendant, return him to the appropriate authority and recover the bail. Surety did not file such an application, however, until January 4 — *after* defendant had failed to appear and had been arrested in Texas. At that point, it was plainly too late to invoke the statute because defendant had already violated the appearance condition of his bail, and thus the bail was subject to forfeiture as of 9:00 A.M. January 3. Additionally, it is disingenuous for surety to claim that it wished to "apprehend the principal and commit him to jail in the county where the offense is charged," 13 V.S.A. § 7562, when defendant was already in the custody of law enforcement officials in Texas — that is, he had already been apprehended. That defendant had not yet been transferred from law enforcement in Texas to law enforcement in Vermont at the time of surety's § 7562 application is immaterial. Therefore, whatever the import of the court's decision to "impound" bail on January 3, no interest of surety was harmed by it.

Surety next argues that bail may not be forfeited for violation of a nonappearance condition. Surety correctly notes that we have recognized that "neither our statutes nor our rules of court grant authority to trial courts to order forfeiture of cash bail for breach of conditions of release." *State v. Cardinal,* 147 Vt. 461, 463-64, 520 A.2d 984, 986 (1986). Surety fails, however, to explain how this rule is relevant to the present case. Here, bail was forfeited because defendant failed to appear as required by the court. Surety contends that the State was motivated to request the emergency status conference because it had reason to believe that defendant had violated other conditions of release, namely not to leave Rutland and Windham counties. Indeed, the court acknowledged that defendant's mother, with whom defendant was ordered to reside, reported that defendant had disappeared and that his acquaintances indicated that defendant intended to leave Vermont and head to Venezuela. Bail, however, was not forfeited because of this information, or other violations of the conditions of release. Instead, it is undisputed that defendant *failed to appear* as required by the court. The appearance bond states that "[i]f the defendant fails to appear at a scheduled court proceeding [surety] will be liable to the State of Vermont for . . . the amount of the bond." Forfeiture is precisely the remedy contemplated for a failure to appear. See *Cardinal,* 147 Vt. at 464, 520 A.2d at 986 ("purpose of forfeiture . . . is . . . to assure that the defendant will appear at court when required").

Surety's final argument is that surety did not have notice and that defendant did not have sufficient notice of the required hearing. This argument is without merit. With respect to notice to surety, we recently held that "[n]othing in the appearance bond obligates the court to inform surety of defendant's required appearances." *State v. Chatfield,* 173 Vt. 104, 107, 787 A.2d 1247, 1250 (2001). Indeed, the responsibility to learn of defendant's required appearances lies squarely with surety. The bond states "as surety it is my/our responsibility to know when and where the defendant is to appear." As we noted in *Chatfield,* " '[t]he

surety does not have to be notified every time the principal is to appear in court but instead should keep itself posted on when the principal is to appear in order to keep itself informed.' " 173 Vt. at 108, 787 A.2d at 1250 (quoting *Stuyvesant Ins. Co. v. United States*, 410 F.2d 524, 526-27 (8th Cir. 1969)).

As regards notice to defendant, the court complied with the explicit terms of the bond, which state that defendant agrees to appear "at a scheduled court proceeding for which I *or my attorney* have received notice." (Emphasis added.) Defendant's attorney received notice of the required appearance at the hearing on January 2. As the State points out in its brief, had defendant abided by his 8:00 P.M. curfew and residence requirements, the short notice should not have prevented defendant from learning of the hearing that evening. Nor is it true that defendant was prevented from appearing because of "the act of the law." *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 369 (1872). As discussed above, Texas law enforcement did not prevent defendant from appearing at the status conference because he was not in the custody of Texas law enforcement when he was scheduled to appear at 9:00 A.M January 3. See *United States v. Egan*, 394 F.2d 262, 265-66 (2d Cir. 1968) (finding that although defendants had been incarcerated by INS, they had "long since been released" at the time they were required to appear; thus surety was not relieved from its duty of ensuring defendants' appearance).

*Affirmed.*