*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-290

MAY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| | } | |
| Peter J. Mertens | } | DOCKET NO. 1446-12-09 Frcr |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of first degree aggravated domestic assault. He contends the court erred in excluding evidence of the complainant's use of marijuana. We affirm.

The record evidence may be summarized as follows. Complainant and defendant lived together in St. Albans for about five years. Their relationship, however, began to deteriorate in November 2009. Later that month, complainant visited New York to see her estranged husband of fifteen years. When she returned on the afternoon of December 2, 2009, she told defendant that she had slept with her husband and planned to resume their relationship. That evening, she fell asleep on the living room couch.

Complainant testified that she later awoke to a burning sensation on her face and discovered that defendant had placed a rope around her neck and was strangling her. Complainant struggled against the rope and managed to free herself. Defendant told her that he was going to kill her and then himself. When complainant tried to reach her cell phone, defendant grabbed it and broke it in half. Complainant then retrieved some clothes and left the residence. She drove to a motel in Swanton and checked in for the evening. The motel manager testified that complainant was crying and appeared to be upset.

The next morning, complainant called her supervisor at work and told her about the incident. The supervisor picked her up and drove her to the police station to make a report. The supervisor recalled that complainant was hysterical and distraught; she observed red marks on complainant's neck that looked like burns. The officer who interviewed complainant also observed marks on complainant's face. Complainant told the officer that defendant had strangled her during the night with a clothesline.

Complainant consented to a search of her trailer, which the police conducted the following day. They found a piece of white rope with knots in it that matched complainant's description of the rope used during the assault. The officers interviewed defendant, who acknowledged that he became angry with complainant and broke her phone, but denied assaulting her. Defendant testified to the same effect at trial.

The jury returned a verdict of guilty, and the trial court denied a subsequent motion for judgment of acquittal or new trial. Defendant was sentenced to a term of three to five years. This appeal followed.

Defendant contends the trial court erred in excluding evidence of complainant's use of marijuana. The issue arose when the State filed a motion in limine to exclude reference to any alleged drug use by complainant based on a police officer's statement that complainant was initially reluctant to consent to the search of her home because there was a marijuana pipe in the residence. The court addressed the motion before trial. Defense counsel opposed the motion, asserting that defendant would testify that he picked up two empty beer bottles, a bag of marijuana, and a pipe the morning after the incident. Counsel asserted that the evidence was relevant because marijuana could "impair . . . a person's ability to recall." The court asked whether defendant had "actually see[n] her consuming any of that," and counsel acknowledged that defendant had not. Because actual consumption was not "witnessed or admitted," the court found the evidence to be "way too speculative" and therefore only "marginally probative" and concluded that its admission would "be more prejudicial than relevant and probative." Accordingly, the court granted the motion to exclude, subject to further consideration during the course of trial.

A trial court enjoys "broad discretion" under V.R.E. 403 in balancing the probative value of evidence against its prejudicial effect, and we will not disturb its ruling absent an abuse of that discretion. State v. Brochu, 2008 VT 21, ¶ 75, 183 Vt. 269; State v. Ovitt, 2005 VT 74, ¶ 8, 178 Vt. 605 (mem.). The trial court here acted well within its discretion in ruling that, as relevant to complainant's ability to recall the incident, the proffer of the mere presence of marijuana and a marijuana pipe was speculative, and any "marginal" relevance was outweighed by its potential prejudicial effect. In contrast, complainant had admitted consuming a beer that night and was freely questioned by defense without objection as to that fact. Moreover, despite the court's failure to use the actual term "substantial," its reasoning clearly demonstrates that it found the minimal probative value of the evidence to be substantially outweighed by the potential prejudice of introducing the subject of drug use without more evidence to support it. Accordingly, we find no error in the trial court's ruling, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2