NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 127

No. 2015-297

| State of Vermont | Supreme Court |
|---|---|
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, Criminal Division |
| Joshua Anderson (Eastern Bail Bond Agency, Inc., Appellant) | March Term, 2016 |

James R. Crucitti, J.

Scott E. Churchill, Pro Se, Hackettstown, New Jersey, Appellant.

William H. Sorrell, Attorney General, and Benjamin D. Battles, Assistant Attorney General, Montpelier, for Appellee.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1. **SKOGLUND, J.** Eastern Bail Bond Agency, Inc., which had posted a surety bond for defendant in this case, appeals the court's forfeiture of bail and subsequent denials of Eastern's motions to vacate and to reconsider. On appeal, Eastern raises several arguments concerning the propriety of the order under the circumstances of the case. We conclude that the court failed to properly exercise its discretion in forfeiting bail without resolving Eastern's factual allegations. We therefore reverse and remand.

¶ 2. The underlying facts are not disputed. On August 5, 2013, defendant was arraigned on a charge of possessing stolen property. Defendant was ordered to provide the court with a surety bond or cash in the amount of $5000. Defendant's conditions of release also required him

to come to court for scheduled hearings and to provide his attorney and the court with his updated address and telephone number. On August 18, 2013, defendant was released from custody after Eastern posted a surety bond of $5000. The surety bond filed with the court states: "If the defendant fails to appear at any required court proceeding, [Eastern] pledge[s] to be liable to the State of Vermont for $5000.00, which is the amount of the bond or the amount of cash bail set by the court." The bond further states that if the defendant fails "to attend court as required or fail[s] to surrender himself/herself for execution of sentence as required, and upon bail being forfeited . . . [Eastern] understand[s] that said sum shall become due and payable in full to the Division Clerk." The bond is signed by Eastern's president and owner, Scott Churchill. The record contains other documents related to the bond. There is a power of attorney agreement between Mr. Churchill and Universal Fire & Casualty Insurance Company. There is also a bail receipt from the correctional facility where defendant was being held at the time that Eastern posted the bond.

¶ 3. Defendant was referred to treatment court, but the case was placed back on the criminal docket in February 2014. In July 2014, defendant pleaded guilty, but sentencing did not immediately take place. The docket entries indicate that defendant was charged with an additional offense and was undergoing drug treatment. In November 2014, a sentencing hearing was scheduled for December 19, 2014. The docket entries indicate that defendant failed to appear, a warrant was issued, and a bail forfeiture hearing was set. There is a copy of the "Notice of Forfeiture Hearing and Order" in the trial court file that indicates the date of the forfeiture hearing and that notice was sent to Eastern as the bailor. At the forfeiture hearing, defendant's attorney indicated that defendant was in treatment and the court withdrew the warrant.

¶ 4. Sentencing was again set for April 10, 2015. In response to a motion to continue, the court rescheduled the hearing for April 27, 2015. Defendant did not appear at that hearing, and the court issued an arrest warrant and set a bail forfeiture hearing for May 22, 2015.

¶ 5.     As explained in the following recitation of facts, the record is somewhat unclear concerning the events that followed and the information that was provided to Eastern as bailor. The docket entries have a notation that notice of the forfeiture hearing was sent to the bailor, but Eastern is not named in the entry and, unlike the December 2014 hearing notice, the file does not contain a copy of any notice. Neither defendant nor the bailor was present at the forfeiture hearing. The same day as the hearing, May 22, 2015, the court issued an order stating that because neither defendant nor the bailor were present, bail would be forfeited and that the order would become final in ten days. The order itself does not contain a list of persons to whom it was sent. The docket entries reflect that the order was issued, but also fail to contain a list of recipients.

¶ 6.     On June 3, 2015, the court sent a letter to Eastern requesting the forfeiture amount. Eastern responded by letter. Eastern alleged that it had not appeared at the May 22 forfeiture hearing based on information from court staff that the hearing would be placed on hold and that it had not received the May 22 order. Eastern sought an additional forty-five days to locate defendant before bail was forfeited. The letter was dated June 18, 2015 and was received in the clerk's office on June 22, 2015.

¶ 7.     On June 22, 2015, defendant was arrested for failure to appear. The following day Eastern filed a motion seeking to vacate the bail forfeiture and to discharge the bond. In support of the motion, Eastern reiterated that it understood the May 22 hearing would not go forward because defendant was in rehabilitation. Eastern claimed it did not receive the court's May 22 order and first learned of the forfeiture from the June 3 letter. Eastern asserted that as soon as it was alerted to the fact that defendant did not appear, it made efforts to locate defendant. Eastern proffered that it had located defendant, who was planning to meet the bail bondsman to turn himself in, but that defendant was arrested hours before the arranged meeting. Eastern further argued that forfeiture was not appropriate because there was no prejudice to the State. The court denied the motion. The court did not specifically address Eastern's factual allegations but relied

3

on the facts that notice of the forfeiture hearing was sent to Eastern and Eastern failed to appeal. Eastern moved to reconsider on the ground that forfeiture was unfair because the court discharged bail for another bail bond agency that had a bond secured for the same defendant in a different docket. The court denied that motion, explaining that it had forfeited bail in the other case in error. Eastern appeals.

¶ 8. On appeal, Eastern raises several arguments, including that (1) the bail contract was void after the court amended defendant's conditions of release in September 2013; (2) forfeiture amounted to a denial of Equal Protection under the Federal and Vermont Constitutions because the court discharged bail forfeiture for a different bail company that had provided bail to defendant in a separate docket; and (3) bail forfeiture should be revoked because Eastern was given incorrect information about the May 22 hearing, not sent a copy of the forfeiture order, and once notified, made a good-faith effort to locate defendant.

¶ 9. The State responds that Eastern's first two arguments were not properly preserved for appeal because Eastern did not argue below that the amendment of the conditions of release voided the bail contract and although Eastern claimed that it was unfair that bail forfeiture was revoked for the other company, Eastern did not raise a constitutional argument in the trial court. We agree that these arguments are not preserved for appeal. See State v. Ovitt, 2005 VT 74, ¶¶ 13-14, 178 Vt. 605, 878 A.2d 314 (mem.) (stating that issue not preserved "unless a party raises it with specificity and clarity below" and declining to address constitutional argument because not raised with sufficient clarity below).

¶ 10. Therefore, we turn to Eastern's arguments concerning the notice and information it received about the bail forfeiture. The process for forfeiting bail is controlled by statute, which provides that if a person, who was released on a bond, fails to appear in court, the court may issue a warrant for the person's arrest and "upon hearing and notice thereof to the bailor or surety, forfeit any bail posted on the person." 13 V.S.A. § 7560a(a)(1)(B). The statute further provides that if

4

the court finds the surety violated the terms of the bond, the court may "adjust the amount of the forfeiture and order the forfeiture of all or part of the bond amount to the State." Id. § 7560a(d). The trial court's decision to forfeit bail is reviewed for an abuse of discretion. State v. Brown, 2005 VT 104, ¶ 10, 179 Vt. 22, 890 A.2d 79.

¶ 11.     Eastern's challenges to the bail forfeiture focus on its allegations that it received incomplete and inconsistent information from the court regarding the forfeiture hearing and the resulting forfeiture. The bail forfeiture process began after defendant failed to appear at the sentencing hearing and the court set May 22 for a forfeiture hearing. Although the court file does not contain a copy of the May 22, 2015 hearing notice, at oral argument for this appeal, Eastern confirmed that it did receive actual notice of the hearing from the court.* Eastern alleges, however, that it did not appear at that hearing based on information from court personnel that the hearing would not go forward because defendant was in rehabilitation. Eastern also claims that it did not know the May 22 hearing took place and that bail was forfeited on that date because it did not receive a copy of the forfeiture order signed that day. Eastern asserts that it first knew that the hearing was held and bail was forfeited when it received the June 3 letter.

¶ 12.     Eastern raised these arguments in its motions in the criminal division. Eastern sent a letter and then filed a motion making these factual allegations. The court denied Eastern's motions without a hearing and without resolving the facts. Eastern's subsequent motion to reconsider was also denied summarily without a hearing.

¶ 13.     We conclude that the court erred in denying Eastern's motions to revoke forfeiture and to reconsider without resolving the factual allegations and remand for a hearing. The forfeiture

---

* At oral argument, Eastern also referred to the fact that it did not receive notices about defendant's appearance dates. This Court has held that the trial court is not required to inform the surety of a defendant's required appearance dates and that it is the surety's responsibility to determine when and where the defendant is required to appear. State v. Marsh, 173 Vt. 531, 532, 789 A.2d 939, 942 (2001) (mem.).

of bail was subject to the court's discretion and "[a]buse of discretion requires a showing that the trial court withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." State v. Mottolese, 2015 VT 81, ¶ 6, 199 Vt. 470, 473, 124 A.3d 809, 812. To exercise that discretion, the court must consider all the relevant facts. As we have explained, the purpose of requiring monetary bail is to secure the defendant's presence when required. Id. ¶ 8. Forfeiture is not "a punitive tool" but is used to assure the defendant's appearance. Id. Due to the high importance of preserving freedom for individuals not yet convicted of a crime, in deciding whether to forfeit bail there is a balance between adopting policies that encourage bondspersons to enter bail contracts while still holding those persons accountable for their obligation to secure a defendant's appearance. Id. ¶ 9. For this reason, the propriety of forfeiture of bail depends on the "particular facts of each case." Id. There are relevant factors that inform the court's decision on forfeiture and the amount, if any, of the forfeiture, including the willfulness of the defendant's nonappearance, the bondsperson's participation in locating the defendant, the prejudice suffered by the State, the public's interest in the defendant's appearance, and the value of deterrence. Id. ¶ 14. To properly exercise its discretion, the court needs all the relevant facts. See State v. Ahearn, 137 Vt. 253, 267, 403 A.2d 696, 705 (1979) (explaining that where decision is within court's discretion party must show court failed to exercise discretion or exercised it for untenable or unreasonable reasons).

¶ 14. Here, Eastern made two particular factual claims it asserts were relevant to the court's evaluation of whether forfeiture was appropriate and, if so, in what amount. First, Eastern asserted that when it learned of defendant's nonappearance, it contacted the court and reported that defendant was engaged in rehabilitation and was told by court staff that the forfeiture hearing would not go forward. Second, Eastern alleged that it did not receive notice of the May 22, 2015 forfeiture order giving it ten days before forfeiture would become effective. We conclude that some of this information was important to the court's forfeiture decision. If defendant indeed was

6

in rehabilitation and missed his sentencing hearing for this reason, it could impact the court's analysis on the willfulness of defendant's nonappearance. Further, the reasonableness of Eastern's efforts in securing defendant's presence would also be influenced by whether Eastern received a copy of the May 22, 2015 order. Without notice of the order, Eastern would not have had knowledge that the forfeiture hearing had taken place and that bail had been forfeited, effective in ten days. This would have greatly delayed Eastern's efforts to locate defendant. Without resolving these factual allegations, the court lacked the relevant information to evaluate all the relevant factors and make its decision. Therefore, prior to resolving the motion Eastern was entitled to a hearing and a resolution of its factual allegations.

Reversed and remanded.

FOR THE COURT:

_____

Associate Justice