VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-258



## ENTRY ORDER

OCTOBER TERM,   2022

State of Vermont v. Marvin Morley*  }   APPEALED FROM:
                                     }   Superior Court, Addison Unit,
                                     }   Criminal Division
                                     }   CASE NO. 22-CR-05841
                                     }   Trial Judge: Thomas Carlson

In the above-entitled cause, the Clerk will enter:

Defendant Marvin Morley appeals the superior court's amended conditions of release, requesting this Court strike the condition prohibiting him from transporting for hire women under the age of thirty unless accompanied by another adult not affiliated with the customer. We affirm.

Defendant is charged with second-degree unlawful restraint in violation of 13 V.S.A. § 2406(a)(3). The State's affidavits of probable cause allege the following. On July 4, 2022, defendant was operating a taxi and picked up six women in their twenties from a summer camp and drove them to Burlington. At approximately 10:00 p.m., the women called defendant to request a ride to Salisbury. During the ride, defendant drove the women to his residence, turned off the car, informed them that the doors were locked, and encouraged them to go inside the residence, which he stated was an Airbnb. The women declined to go inside. After a disputed amount of time, defendant drove the women to their destination.

Defendant was arraigned on July 6, 2022. The superior court imposed several conditions of release. Condition #32 stated that defendant "shall not transport any individual under the age of [thirty] without disclosing the nature of these charges." On July 22, defendant moved to modify his conditions of release, seeking to strike Condition #32. Defendant filed a duplicative motion on August 8, reiterating his initial request and asking the superior court to decide on the motion in a timely fashion.

The superior court held a hearing on August 17. There, defendant argued that Condition #32 was overly broad and violated his First Amendment rights. The superior court asked defendant whether he could suggest a less restrictive condition that would address the State's concerns regarding public safety for young women using defendant's taxi. The State explained

that its concern was solely with defendant operating a taxi for hire and driving non-family members. After allowing defendant time to discuss with counsel, he proposed having a "responsible adult" in the vehicle with him. The superior court then suggested some language to effectuate this, deciding to require defendant to have an adult not affiliated with the customer in the car. Defendant stated, "I'm okay with that," and then explained some potential logistical issues with the condition. The State agreed the new proposal would satisfy its concerns. Following the hearing, Condition #32 was amended to state, "[Defendant] shall not transport for hire any woman under the age of [thirty] unless [he] is accompanied by another adult not affiliated with the customer." Defendant appealed.

On appeal, defendant argues the superior court failed to consider several factors before setting its reformulated version of Condition #32 as required under 13 V.S.A. § 7554(b)(2). He also argues that Condition #32 is overly broad.[*]

We do not reach the merits of defendant's challenges to Condition #32 because they are waived. "Under the invited error doctrine, a branch of the doctrine of waiver, a party cannot induce an erroneous ruling and later seek to profit from the legal consequences of having the ruling set aside." State v. Morse, 2019 VT 58, ¶ 7, 211 Vt. 130 (quotation and alterations omitted). Defendant presented the idea of a neutral party riding with him in the taxi to the superior court. When the superior court proposed new condition language to defendant, he told the court, "I'm okay with that." Defendant therefore waived review on appeal when he indicated to the superior court that he agreed to the condition. See State v. Alzaga, 2019 VT 75, ¶ 26, 211 Vt. 111 (declining to review "invited error" on appeal where defendant failed to object below and agreed to process).

Defendant argues that he did not agree to Condition #32 below, specifically the non-affiliation requirement. However, assuming arguendo that he did not agree to the condition, he failed to preserve his arguments for appeal. Defendant did not object to the superior court's new formulation of Condition #32 below, and he therefore failed to preserve any challenges for appeal. State v. Wool, 162 Vt. 342, 346 (1994) ("[A] party must make a timely objection to preserve an issue for review."). Because defendant indicated that he agreed with the condition, the superior court did not have an opportunity to address the arguments raised on appeal in the first instance. See State v. Ovitt, 2005 VT 74, ¶ 13, 178 Vt. 605 (mem.) ("An issue is not preserved for appeal unless a party raises it with specificity and clarity below, thereby ensuring that the trial court will have an opportunity to fully develop the relevant facts and to reach considered legal conclusions."). Lastly, plain-error review would not be appropriate in this case where defendant has failed to argue plain error on appeal and the record is underdeveloped as to

---

[*] To the extent defendant complains that the evidence against him is insufficient to sustain charges, we are unable to review the superior court's denial of his motion to dismiss in this bail appeal. See 13 V.S.A. § 7556(b) (permitting appeal of conditions of release). Further, though defendant raises arguments as to the unfairness of requiring him to disclose pending charges, we also cannot review the original wording of Condition #32, which is no longer in place. See In re Moriarty, 156 Vt. 160, 163 (1991) (explaining that issues for which reviewing court "can no longer grant effective relief" are moot). We accordingly limit our review to defendant's challenges to Condition #32 as presently written.

the issues presented.  See <u>State v. Nash</u>, 2019 VT 73, ¶¶ 14-15, 211 Vt 160 (declining to engage in plain-error review "because appellant did not argue for [it] and the factual record was insufficiently developed to conduct [it]").

As the State noted at the hearing in this Court, defendant may file a motion for bail review in the superior court to have his challenges to Condition #32 addressed there in the first instance.  See 13 V.S.A. § 7554(d)-(e) (permitting review of conditions and allowing trial judge to amend conditions at any time).

<u>Affirmed</u>.

FOR THE COURT:

 

 

 

_____
Harold E. Eaton, Jr., Associate Justice