**Andrew C. MENICHINO,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 75–3397.**

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1976.

Andrew C. Menichino, pro se.

Daniel S. Pearson (Court-appointed), Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Stephen M. Pave, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

PER CURIAM:

In this 28 U.S.C.A. § 2255 petition, Petitioner Andrew C. Menichino attacks the District Court's denial of his F.R.Crim.P. 35[1] Motion for Reduction of Sentence.[2]

---

**1.**                    Rule 35.

CORRECTION OR REDUCTION
OF SENTENCE

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

**2.** The basis of Petitioner's motion in the District Court was that the United States Attorney in Florida had not kept an agreement reached between Petitioner, the United States Attorney in Michigan and the U.S. Attorney in Florida in a completely separate and unrelated drug charge there. The agreement, if fully carried

Subsequent to the docketing of this appeal on the oral argument calendar, the District Court vacated its order and set a hearing for reconsideration of the Rule 35 Motion. During oral argument before us, it was stipulated by counsel that the District Court, after a hearing, has again denied the motion and that a direct appeal has been taken from that denial.[3] Because Petitioner is able to attack the District Court's denial of the Rule 35 motion on direct appeal, this § 2255 petition is moot.

DISMISSED AS MOOT.

out, might have resulted in a reduction of the sentence in the Florida conviction. When Petitioner concluded that the United States Attorney in Florida was refusing to honor in good faith the agreement reached between Petitioner and the United States Attorneys in Michigan and Florida, Petitioner brought this Rule 35 Motion for Reduction of Sentence. The District Court, without a hearing and without making findings of fact and conclusions of law, denied the motion. Rather than take a direct appeal from that denial, Petitioner filed this § 2255 petition.

3. *United States v. Menichino*, 5 Cir. [No. 76–2891].