### State of Vermont v. Robert E. Desjardins

[479 A.2d 160]

No. 83-195

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

474

*Dena Monahan,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Billings, C.J.** Defendant appeals from an order of the Chittenden District Court denying his motion to reconsider sentence. The court held that it was without jurisdiction to hear the motion because more than 90 days had elapsed since the defendant's conviction had been affirmed by this Court. V.R.Cr.P. 35(b). Defendant argues that the court's strict reading of V.R.Cr.P. 35(b) contravenes the rule's ameliorative purposes and the legislative intent. The State, at oral argument, agreed with the defendant.

On November 8, 1982, this Court affirmed the defendant's conviction on a charge of simple assault. *State* v. *Desjardins,* 142 Vt. 255, 454 A.2d 1230 (1982). On December 1, 1982, the defendant filed a motion to reconsider sentence in the Chittenden District Court, pursuant to V.R.Cr.P. 35(b). The hearing

on the defendant's motion was not held until April 14, 1983, 157 days after the date of this Court's affirmation of the defendant's conviction.

V.R.Cr.P. 35(b) states, in pertinent part:

> The court, on its own initiative or on motion of the defendant, may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction.

Rule 35(b) is derived from 13 V.S.A. § 7042, and Fed. R. Crim. P. 35(b).*

A literal reading of V.R.Cr.P. 35(b) appears to require that the action of a court on a Rule 35(b) motion occur within 90 days of the imposition of sentence, or, as relevant here, within 90 days of this Court's affirmation of a defendant's conviction. This is the interpretation upon which the trial judge based his denial. In his denial, the judge cited *State* v. *Baldwin,* 140 Vt. 501, 509, 438 A.2d 1135, 1139 (1981), for the rule that a statute that is plain on its face must be enforced according to its express terms. Further, there is a presumption that the legislature intended the ordinary meaning of the statute. *Id.* at 509–10, 438 A.2d at 1139.

Rules of statutory construction, however, are not talismans. We have often stated that they are merely aids, to be disregarded in an appropriate case. *Hill* v. *Conway,* 143 Vt. 91, 93–94, 463 A.2d 232, 233 (1983) (quoting *State* v. *Baldwin, supra,* 140 Vt. at 511, 438 A.2d at 1140). It is appropriate to disregard the plain and ordinary meaning rule when strict adherence would render the statute under consideration ineffective. *Audette* v. *Greer,* 134 Vt. 300, 302, 360 A.2d 66, 68 (1976).

In the instant case, the trial judge's literal interpretation of Rule 35(b) denied the defendant, through no fault

---

* The only material difference, for purposes of this opinion, between the federal rule and our state rule is that the federal rule provides for a period of 120 days after imposition or sentence of affirmation of appeal within which reduction of sentence may occur. Fed. R. Crim. P. 35(b) (1984).

of his own, even the possibility of Rule 35(b) relief, thus rendering the rule useless in this case. Such a reading of the rule will always deny a defendant a hearing on his or her Rule 35(b) motion if the hearing is scheduled outside the 90 day proscription for reasons completely beyond the defendant's control: crowded docket calendars, recalcitrant docket clerks, judicial rotation schedules, illness of the defendant or the judge, or any other number of fortuitous events. The defendant here filed his motion well within the 90 day time limit, but, for some unexplained although apparently administrative reason, the hearing was not scheduled until well after 90 days had expired. To deny the defendant his day in court because of an occurrence over which he had no control is contrary to the equitable purposes of Rule 35(b) in particular, see *State v. Therrien*, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982), and to our rules of criminal procedure in general. V.R.Cr.P. 2.

■ For the above reasons, we hold that the 90 day time period applies to the initiation or filing of a motion; as long as the court initiates on its own motion, or the defendant files his motion within 90 days after sentence or affirmation of sentence, the hearing on the motion may occur within a reasonable period of time following the expiration of the 90 day proscription without the court losing jurisdiction. What constitutes a reasonable period of time will depend on the circumstances of the particular case keeping in mind that one of the underlying purposes of the rules of criminal procedure is to assure that "justice be done." Reporter's Notes, V.R.Cr.P. 2. We note that this construction of Rule 35(b) has been unanimously followed by those courts of appeals interpreting Fed. R. Crim. P. 35(b). *United States v. Rice*, 671 F.2d 455, 459 n.5 (11th Cir. 1982); *United States v. Inendino*, 655 F.2d 108, 109–10 (7th Cir. 1981); *United States v. Mendoza*, 565 F.2d 1285, 1286–87 (5th Cir.), *modified*, 581 F.2d 89, 90 (1978); *United States v. Williams*, 573 F.2d 527, 529 (8th Cir. 1978); *United States v. Stollings*, 516 F.2d 1287, 1289–90 (4th Cir. 1975); *United States v. Janiec*, 505 F.2d 983, 985 n.3 (3d Cir. 1974), *cert. denied*, 420 U.S. 948 (1975); *Leyvas v. United States*, 371 F.2d 714, 719 (9th Cir. 1967); *Dodge v. Bennett*,

335 F.2d 657, 658 (1st Cir. 1964); see also *United States* v. *DeVito,* 99 F.R.D. 113 (D. Conn. 1983); 8A J. Moore, Moore's Federal Practice § 35.02[2], at 35-8, 35-9 (2d ed. 1983).

*Reversed and remanded.*