*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-358

MARCH TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Addison Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Mark A. Snow | } DOCKET NO. 278-6-10 Ancr |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant appeals the court's denial of his motion to reduce or modify his sentence as untimely filed. We conclude that the court erred in failing to consider the merits of defendant's motion and remand.

Following a jury trial, defendant was convicted of sexual assault, and sentenced to five years to life on December 13, 2011. He timely appealed the conviction, and this Court affirmed in a decision dated March 15, 2013. State v. Snow, 2013 VT 19, 193 Vt. 390. On April 2, 2013, defendant filed a motion in the trial court to modify or reconsider his sentence. In an order issued on May 1, 2013, the court denied the motion as untimely, explaining that motions to reconsider must be filed within 90 days of sentencing and indicating that once defendant's appeal was resolved he could refile within 90 days of this Court's ruling. It is unclear whether the trial court was aware of this Court's March 15, 2013 decision. Defendant filed two subsequent letters with the trial court requesting information on the status of his motion for sentence reduction and requesting that the merits of the motion be reconsidered. These were filed on May 24, 2013 and September 9, 2013. No action was taken by the trial court in response to these letters. In July 2014, the trial court stamped and docketed the motion to modify that was originally filed on April 2, 2013.* The court denied the motion as untimely, explaining that it was not filed within 90 days of this Court's decision on March 15, 2013.

The sole question in this appeal is whether defendant timely filed a motion to reduce or modify his sentence. Pursuant to statute and the rules of criminal procedure, a motion for sentence reduction must be filed within 90 days of the imposition of the sentence or "within 90 days after entry of any order or judgment of the supreme court upholding a judgment of conviction." 13 V.S.A. § 7042(a); V.R.Cr.P. 35(b) (allowing motion to reduce sentence to be

---

\* It is unclear from the record what triggered the redocketing of this motion. Defendant claims that he did not file it with the trial court. This fact is not essential for disposition of this appeal.

filed within 90 days after sentence or "within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction").

Certainly, the July 2014 motion was filed beyond the 90-day filing time. The question remains, however, whether his prior filings were timely and whether they preserved any right to file his motion. The State contends that the court correctly determined that the April 2, 2013 motion was prematurely filed and that, in any event, defendant failed to appeal that denial. According to the State, the 90-day period begins to run when the mandate executes and not when this Court issues its decision. Therefore, the State contends that the ninety days did not begin in this case until April 5, 2013—21 days after our decision was issued. See V.R.A.P. 41(a) (stating that mandate issues 21 days after entry of judgment or 7 days after entry of order denying reargument). Our prior cases have not definitively addressed this question, but have implied that the 90-day time period runs from the date of this Court's decision, not from the date the mandate executes. See State v. Desjardins, 144 Vt. 473, 474 (1984) (using date of decision to calculate filing deadline).

We need not resolve that question here, however, because even assuming that defendant's April 2, 2013 motion was filed prematurely, his subsequent filings were timely and sufficient to preserve the motion. Defendant's May 24, 2013 letter requests that the court hear the merits of his motion. This request was timely filed under either construction of V.R.Cr.P. 35 because it was within 90 days of both the date the mandate executed and the date of this Court's decision. That defendant continued to file letters and eventually refiled his motion in July 2014 did not undermine the fact that he had timely refiled the April 2 motion. Therefore he is entitled to a review of his motion on the merits.

Reversed and remanded.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice
