NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 109

No. 2015-432

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Criminal Division |
| | |
| Juan Villar | September Term, 2017 |

Harold E. Eaton, Jr., J., Specially Assigned (final judgment);
Theresa S. DiMauro, J. (motion to dismiss)

Glenn Barnes, Windsor County Deputy State's Attorney, White River Junction, for
  Plaintiff-Appellee.

Matthew Valerio, Defender General, and Marshall Pahl, Appellate Defender, Montpelier, for
  Defendant-Appellant.


PRESENT:  Reiber, C.J., Skoglund, Robinson, JJ., and Grearson, Supr. J., and Burgess, J. (Ret.),
        Specially Assigned


¶ 1.    **REIBER, C.J.**    This case addresses whether the government may dismiss an indictment or information pursuant to Vermont Rule of Criminal Procedure 48(a) while the case is pending on appeal.  We conclude that it may.  Accordingly, we hold that the trial court erred in denying the state's attorney's notice of dismissal.  Pursuant to Rule 48(a), we vacate the conviction and dismiss the underlying charges.

¶ 2.    In 2015, a jury found defendant guilty of operating a motor vehicle on a public highway while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2). The trial court sentenced defendant to six months to three years, all suspended except for fifteen

days to serve, and placed him on probation. Defendant appealed his judgment to this Court in November 2015. Defendant's sentence was not stayed pending appeal.

¶ 3. The appeals process was slow. We granted several requests for additional time in which to file briefs, including time for supplemental briefs to address a recently decided U.S. Supreme Court case related to one of defendant's arguments. In August 2016, before the parties completed their briefing, they agreed to a stipulation and plea agreement. On the parties' request, this Court remanded the case to the trial court to consider the agreement, which the trial court denied. The case then returned to this Court. We again granted additional time for briefing, and then we granted another stipulated remand request, this time for dismissal without prejudice pursuant to Vermont Rule of Criminal Procedure 48(a). The trial court denied the notice of dismissal in March 2017 and denied a motion to reconsider in April 2017.

¶ 4. In denying the notice of dismissal, the trial court reasoned that Rule 48(a) "does not expressly authorize dismissal . . . outside the timeframe of the prosecution," and it interpreted "prosecution" to mean pre-appellate proceedings:

> Here, the State's "prosecution," involving numerous proceedings, including the trial of Defendant, sentencing, a violation of probation merits hearing and revocation of probation, has ended. There is, in effect, no prosecution, criminal proceeding, or trial to "terminate."

Consequently, the court held that Rule 48(a) did not "apply at this point in time."

¶ 5. We heard oral arguments in September 2017. By that time, both parties were focused solely on the Rule 48(a) dismissal issue, and they agreed that the trial court had erred in denying the state's attorney's notice of dismissal. Defendant began his oral argument by stating, "The trial court in this case rejected the prosecution's notice of dismissal when there was no rule, no statute, and no case law permitting it to do so, and the parties in this case agree that this is a threshold issue, and that the state should have been permitted to dismiss." The attorney for the State began his argument by stating, "I agree with everything that [defendant's attorney] just

2

stated . . . . From the State's perspective, punishment has been met, the rehabilitation has been met, and we do have the authority to dismiss a case at any junction . . . ."

¶ 6. The legal issue in this case is whether Vermont Rule of Criminal Procedure 48(a) authorizes the state's attorney to dismiss a case with the defendant's consent not only during trial, but also after conviction and pending direct appeal. This is a question of law that is reviewed de novo. State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126 ("The interpretation of procedural rules is a question of law which we review de novo.").

¶ 7. In construing a procedural rule, we look first to the rule's plain language, just as with statutory construction. Id. ¶ 16 ("In interpreting rules of procedure and evidence, we employ tools similar to those we use in statutory construction. . . . [W]e consider its plain language and the purpose it was designed to serve."). The "plain, ordinary meaning" of the words control, and we do not "supply words which the language has omitted." State v. Yudichak, 147 Vt. 418, 420, 519 A.2d 1150, 1151 (1986); Barquin v. Roman Catholic Diocese of Burlington, Vt., Inc., 839 F. Supp. 275, 279 (D. Vt. 1993); see also State v. Fox, 122 Vt. 251, 255, 169 A.2d 356, 359 (1961) ("It is not the function of the courts to expand the intention of the Legislature beyond the terms of the act itself."), superseded by statute on unrelated issue, 13 V.S.A. § 6727, as recognized in State v. Anair, 123 Vt. 80, 81, 181 A.2d 61, 62 (1962).

¶ 8. Rule 48(a) states, "The attorney for the state may file a written dismissal of an indictment or information and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant." V.R.Cr.P. 48(a). On its face, Rule 48(a) authorizes the state's attorney to dismiss an indictment during the "prosecution" of a case. The rule's language limits the state's attorney's discretion by requiring the defendant's consent after trial has started. But nothing in the rule indicates that the prosecution's authority to dismiss a case is limited to pre-appellate proceedings. Because the government continues as a party to a criminal case during the appeals process, it logically continues its "prosecution" until all

3

appeals are exhausted. See <u>Korematsu v. United States</u>, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984) (interpreting Federal Rule 48(a) as applicable through the "exhaustion of appeals").

¶ 9. Federal case law interpreting the Federal Rule of Criminal Procedure 48(a) further supports our interpretation. Where state rules are based on or closely correspond with federal rules, federal interpretations of the rules are instructive. See Reporter's Notes, V.R.Cr.P. 1 ("Decisions of the federal courts interpreting the Federal Rules . . . are an authoritative source for the interpretation of identical or closely similar provisions of the Vermont rules."); Reporter's Notes, V.R.Cr.P. 48 ("This rule is based on Federal Rule 48 . . ."); <u>Rule v. Tobin</u>, 168 Vt. 166, 169, 719 A.2d 869, 871 (1988) (relying on federal case law to interpret V.R.C.P. 68 because it is "identical" to federal counterpart). In addition, Vermont case law addressing Vermont Rule 48(a) is limited, making our reliance on federal case law particularly appropriate. See <u>State v. Danforth</u>, 2008 VT 69, ¶ 15, 184 Vt. 122, 956 A.2d 554.

¶ 10. Federal cases interpreting Federal Rule 48(a) acknowledge that the government's authority to dismiss an indictment, information, or complaint extends throughout the prosecution, and a prosecution includes appellate proceedings. As <u>Korematsu v. United States</u> stated:

> As the Rule provides that upon the court's approval of a <u>nolle prosequi</u>,[1] the prosecution will terminate, it clearly contemplates action by the prosecuting attorney only <u>while control of the prosecution still lies, at least in part, with it</u>. . . . [T]he prosecutor has no authority to exercise his <u>nolle prosequi</u> prerogatives at common law or to invoke Rule 48(a) after a person has been subject to conviction, final judgment, imposition of sentence and <u>exhaustion of appeals</u> . . . . At that stage, there is no longer any prosecution to be terminated.

---

[1] <u>Nolle prosequi</u>, a Latin term meaning "not to wish to prosecute," is a common-law rule that preceded Rule 48(a). See <u>Nolle prosequi</u>, Black's Law Dictionary (10th ed. 2014); 3B C. Wright et al., Federal Practice and Procedure Criminal § 802 (4th ed. 2017). It granted prosecutors the right to "abandon" a prosecution. See Nolle prosequi, <u>supra</u>. Courts often discuss Rule 48(a) and <u>nolle prosequi</u> together. See <u>United States v. Salinas</u>, 693 F.2d 348, 350 (5th Cir. 1982) (reviewing the history of <u>nolle prosequi</u> in interpreting Federal Rule 48(a)).

4

Korematsu, 584 F. Supp. at 1411 (emphasis added). The court understood the government's authority under Federal Rule 48(a) as extending to the whole prosecution, which included the "exhaustion of appeals." Id.

¶ 11. A substantial body of federal law joins in Korematsu's conclusion. For example, in Rinaldi v. United States, the U.S. Supreme Court held that a Federal Rule 48(a) motion to dismiss should have been approved, even though the motion was not made "until after the trial had been completed." 434 U.S. 22, 26 (1977) (per curiam); see also Watts v. United States, 422 U.S. 1032, 1033 (1975) (approving dismissal pursuant to Federal Rule 48(a) motion made after defendant's conviction and after Court of Appeals for the Fifth Circuit affirmed conviction). In United States v. Hamm, the Court of Appeals for the Fifth Circuit held that the district court should have approved a Federal Rule 48(a) motion to dismiss made after the district court had accepted the defendants' guilty pleas. (Hamm I), 638 F.2d 823 (5th Cir.), aff'd en banc, 659 F.2d 624 (5th Cir. 1981). The Hamm court stated, "[T]he standard set out [for whether the federal court should grant a Rule 48(a) dismissal] . . . applies regardless of the state of prosecution at which the Government moves to dismiss the indictment." Id. at 817 (emphasis added).[2] The United States Court of Appeals for the Ninth Circuit has stated, "[E]ven after a defendant has been convicted of a crime, a prosecutor may obtain a Rule 48(a) dismissal based on broad considerations of justice." United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995); see also 3B C. Wright et al., Federal Practice and Procedure Criminal § 802 (4th ed. 2017) ("Rule 48(a) continues to apply even after conviction and sentencing while the case is on direct appeal . . . ."). But cf. United States v. Smith, 467 F.3d 785, 789 (D.C. Cir. 2006) (noting in dicta that "both the text of [Federal Rule 48] and its roots in the common law doctrine of nolle prosequi cast doubt on Rule 48's applicability post-conviction").

---

[2] Note that under the federal rule, the prosecution must obtain the court's consent throughout the proceeding, including before trial. F.R.Cr.P. 48(a). In contrast, the Vermont rule requires only the defendant's consent, and only after trial has started. V.R.Cr.P. 48(a).

¶ 12. We also note that Vermont Rule 48(a) is not a statutory grant of power to the prosecution. Common law established the prosecution's authority; the rule merely changed the law's limitation on that authority. See Reporter's Notes, V.R.Cr.P. 48 (describing how Vermont Rule 48(a) changed "prior Vermont practice"); see also State v. Dopp, 127 Vt. 573, 574, 255 A.2d 190, 191 (1969) ("At common law, and under the general rule prevailing in the absence of statute, the matter of entering a nolle prosequi rests entirely within the discretion of the prosecuting officer, without leave of court, at all stages of a criminal prosecution before the jury are impaneled."). Before Rule 48(a), the prosecution needed the court's consent to dismiss once trial had begun; after Rule 48(a), the prosecution needed only the defendant's consent. Reporter's Notes, V.R.Cr.P. 48. Thus, it is not necessary for the rule "expressly" to authorize post-conviction dismissal. Instead, the question is whether the rule expressly cuts off prosecutorial authority post-conviction. We conclude that it does not.

¶ 13. Finally, we point out that the prosecution's right to dismiss an indictment is rooted in the executive branch's duty to execute the law. "[D]ismissal is a possibility while the case is still being actively prosecuted . . . because Rule 48(a) and the right of nolle prosequi emanate from the Executive's power to initiate a criminal prosecution and to terminate a pending prosecution." Korematsu, 584 F. Supp. at 1411. Accordingly, whether a court consents to prosecutorial dismissal under Federal Rule 48(a) implicates the separation of powers. "In deciding in what situations that leave [of court] can be denied, we must balance the constitutional duty of government prosecutors, as members of the Executive Branch, to 'take care that the laws [are] faithfully executed,' with the constitutional powers of the federal courts . . . ." United States v. Hamm (Hamm II), 659 F.2d 624, 628 (5th Cir.) (citation omitted) (second alteration in original), aff'g Hamm I.

¶ 14. We need not determine whether the court may ever deny a notice of dismissal to which the defendant has consented. However, we note that even in the federal court system, where the government may never dismiss a prosecution without court approval, the court's discretion to deny dismissal is severely circumscribed. Where the defendant consents to dismiss, a federal court

6

may deny dismissal only if the government is "motivated by considerations clearly contrary to the manifest public interest." Hamm II, 659 F.2d at 628; see also Gonzalez, 58 F.3d at 462 ("We emphasize that the degree of deference accorded to the prosecutor's decision in this case hinges in part upon the fact that the defendant consented to the motion."). Vermont courts should be similarly restrained, particularly considering that Vermont Rule 48(a) explicitly requires the defendant's consent but not the court's. V.R.Cr.P. 48(a). Where the defendant consents to dismissal, the court cannot deny dismissal simply because it comes during the appellate process.

¶ 15. In this case, the trial court read Vermont Rule 48(a) as restricting the prosecution's authority to pre-appellate proceedings only. The plain language of Vermont Rule 48(a) and federal case law interpreting Federal Rule 48(a) indicate that the timeframe of a "prosecution" extends through the "exhaustion of appeals." Korematsu, 584 F.Supp. at 1411. Until that point, "control of the prosecution still lies, at least in part" with the state's attorney. Id. If the defendant consents, the court cannot deny the prosecution's notice of dismissal under Vermont Rule 48(a) based on post-conviction timing alone. Here, defendant consents. Accordingly, we hold the trial court erred in denying the state's attorney's notice of dismissal.

Defendant's conviction is vacated and the underlying charge is dismissed pursuant to Vermont Rule of Criminal Procedure 48(a).

FOR THE COURT:

_____

Chief Justice

7