(Emphasis added.) Vermont Rule of Criminal Procedure 5(b) allows individual courts to "establish procedures and standards by which persons arrested with or without a warrant other than during normal business hours" may be released temporarily pending an initial appearance. Rule 5(b) further provides that the initial appearance before a judge "shall be held as soon as possible after release." V.R.Cr.P. 5(b). This plain language demonstrates that an after-hours bail order is temporary and functions as a stop-gap before the court can make a more informed bail decision at the initial appearance. See State v. Villar, 2017 VT 109, ¶ 7, --- Vt. ----, 180 A.3d 588 ("In construing a procedural rule, we look first to the rule's plain language, just as with statutory construction."). The temporary quality of the after-hours order, and the swiftness with which the rules mandate an initial appearance, indicates that whatever bail determination the court makes at the initial appearance replaces the after-hours order, rather than revokes it.
¶ 7. The structure of these rules makes sense. The initial after-hours bail assessment is often based on an incomplete, ex parte recitation of limited facts to a judicial officer without the participation of the state's attorney, defense counsel, or defendant. The rules recognize the limitations of the after-hours order by treating it as temporary, pending a more thorough assessment with more comprehensive information at the initial appearance.[3]
¶ 8. For these reasons, we affirm the trial court's decision to hold defendant without bail pending further review in a weight-of-the-evidence hearing, if defendant requests review.
Affirmed.

Because we rest our decision on the specific limitations of after-hours orders under our rules, we need not consider the impact on the broader issue raised by defendant of this Court's one-justice entry order in State v. Synnott, No. 2012-302, 2012 WL 5975002 (Vt. Sept. 11, 2012) (unpub. mem.).