NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 48

No. 2021-014

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Criminal Division |
| | |
| Dean Jeffrey Stearns | February Term, 2021 |

Elizabeth D. Mann, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Rebecca Turner, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1. **COHEN, J.** Defendant Dean Jeffrey Stearns appeals the superior court's dismissal of his motion for sentence reconsideration as untimely. Concluding that the motion is timely, we reverse and remand for review on the merits.

¶ 2. In December 2018, defendant pleaded guilty to five counts of voyeurism and two counts of promoting a recording of sexual conduct. See 13 V.S.A. §§ 2605, 2824. On January 23, 2020, he was sentenced to an aggregate term of ten to fifteen years' imprisonment, suspended except five years to serve. Defendant filed a notice of appeal on February 20, 2020, but later moved to dismiss the appeal. This Court granted the motion to dismiss the appeal by entry order dated August 28, 2020. Pursuant to 13 V.S.A. § 7042(a) and Vermont Rule of Criminal Procedure

35(b), defendant moved for sentence reconsideration in the superior court ninety days later, on November 26, 2020. See V.R.Cr.P. 45(a)(1) (outlining method of calculating time).

¶ 3. Section 7042(a) provides:

> Any court imposing a sentence under the authority of this title, within 90 days of the imposition of that sentence, or within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction, may upon its own initiative or motion of the defendant, reduce the sentence.

13 V.S.A. § 7042(a); see also V.R.Cr.P. 35(b) (containing same substantive language).

¶ 4. The superior court dismissed defendant's motion for sentence reconsideration because the motion was filed more than ninety days after the sentence was imposed and, in its view, this Court's order dismissing the appeal without affirming on the merits was not an "order or judgment of the Supreme Court upholding a judgment of conviction." 13 V.S.A. § 7042(a).

¶ 5. Defendant appeals, arguing that because this Court's order dismissing the first appeal left untouched his conviction, the order is an "order or judgment of the Supreme Court upholding a judgment of conviction." Id. Defendant thus maintains that he had ninety days thereafter to move for sentence reconsideration.[*] The State counters that the plain language of the statute and rule refers to an order or judgment that affirms the conviction on the merits, not an order dismissing the appeal.

---

[*] Defendant also argues that the ninety-day period started when the mandate of the entry order issued, rather than when the order itself issued. Although it is undisputed that defendant filed the motion for reconsideration within ninety days of the issuance of the order itself, he urges us to consider his mandate argument for the sake of clarity. Because we do not have a concrete set of facts upon which to analyze the mandate question, or a litigant with an actual stake in the answer, we do not consider it. See Wood v. Wood, 135 Vt. 119, 121, 370 A.2d 191, 192 (1977) (observing that prohibition on advisory opinions requires that appellate question "must be a necessary part of the final disposition of the case to which it pertains" and that "the establishment of legal doctrine derives from the decision of actual disputes, not from the giving of solicited legal advice in anticipation of issues"). Mindful of the need for clarity, however, we refer the question to the Criminal Rules Advisory Committee.

¶ 6. This Court reviews the superior court's interpretation of statutes without deference. State v. Charette, 2018 VT 48, ¶ 6, 207 Vt. 372, 189 A.3d 67. When interpreting a statute, we seek to carry out the intent of the Legislature. State v. Richland, 2015 VT 126, ¶ 6, 200 Vt. 401, 132 A.3d 702. "[W]e begin with the plain meaning of the statutory language," and if the Legislature's intent is clear from this language, "we enforce the statute according to its terms." State v. LeBlanc, 171 Vt. 88, 91, 759 A.2d 991, 993 (2000) (quotation omitted). "[I]f the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Harris v. Sherman, 167 Vt. 613, 614, 708 A.2d 1348, 1349 (1998) (mem.). Our review of the court's interpretation of procedural rules is similarly nondeferential and proceeds along the same lines as statutory interpretation to determine the drafters' intent. State v. Villar, 2017 VT 109, ¶¶ 6-7, 206 Vt. 236, 180 A.3d 588. We are especially conscious that Rule 35 contains the same substantive language as § 7042 and is based on the statute. Reporter's Notes, V.R.Cr.P. 35.

¶ 7. We hold, based on the plain language of the statute and rule, as reinforced by their purpose and effects, that this Court's entry order dismissing the first appeal and leaving in place the conviction was an "order . . . of the Supreme Court upholding a judgment of conviction." 13 V.S.A. § 7042(a); V.R.Cr.P. 35(b). Defendant accordingly had ninety days after the order was entered to move for sentence reconsideration. See State v. Desjardins, 144 Vt. 473, 476, 479 A.2d 160, 162 (1984) (holding that "90 day time period applies to the initiation or filing of a motion," not to trial court's disposition of motion).

¶ 8. The key language we seek to interpret is "within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment of conviction." 13 V.S.A. § 7042(a). The plain meaning of this language encompasses an order dismissing an appeal that maintains a conviction in place. The Legislature used capacious language: "any order or judgment." Id. (emphasis added). If the Legislature had intended only affirmances on the merits to qualify, there

would have been no need to include "any order" as an alternative to a judgment. The State's interpretation would render "any order" superfluous, contrary to our longstanding presumption that "all language in a statute . . . is inserted for a purpose." In re Miller, 2009 VT 36, ¶ 14, 185 Vt. 550, 975 A.2d 1226 (quotation omitted). The Legislature also used the word "upholding," a more general word than the legal term of art "affirming." For example, one dictionary defines "uphold" as "to give support to; to support against an opponent;" and offers "maintain" as one of several synonyms. Uphold, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/uphold [https://perma.cc/N3GX-D43B]. Another defines the term as to "confirm or support," but also as to "maintain," such as "a custom or practice." Uphold, Oxford Lexico Online Dictionary, https://www.lexico.com/en/definition/uphold [https://perma.cc/4VAA-UPBF]. The meaning of the word "upholding" includes maintaining something in place, such as a conviction; it is not limited to affirming. See Affirm, Black's Law Dictionary (11th ed. 2019) (defining "affirm" as "[t]o confirm, ratify, or approve (a lower court's judgment) on appeal"). The combination of "any order" and "upholding" convinces us that the Legislature sought to capture more than just affirmances on the merits.

¶ 9. The purpose of the sentence reconsideration statute and rule, and the anomalous consequences of the State's interpretation, further impel us to this conclusion. Section 7042 and Rule 35 serve an equitable purpose—"to permit the trial judge to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice." State v. Therrien, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982); see also Desjardins, 144 Vt. at 476, 479 A.2d at 162 (referencing equitable purpose of Rule 35). The Rules of Criminal Procedure, moreover, "are intended to provide for the just determination of every criminal proceeding" and "shall be construed to secure . . . fairness in administration." V.R.Cr.P. 2. We can scarcely think of a more important goal in the law than ensuring that a person convicted of a crime receives the appropriate sentence under our multiple-factor sentencing

process. See <u>State v. Lumumba</u>, 2014 VT 85, ¶ 23, 197 Vt. 315, 104 A.3d 627 (describing Vermont's "situational sentencing scheme whereby the court tailors the punishment within the statutory range to fit the defendant in question," considering wide range of factors).

¶ 10. The State's interpretation would frustrate procedural fairness and the just determination of criminal controversies. In the State's procedural scheme, a defendant who declines to appeal a criminal conviction would have ninety days from the imposition of the sentence to move for sentence reconsideration. One who chooses to appeal and is unsuccessful on the merits could move for sentence reconsideration within ninety days of this Court's order of affirmance. But a defendant who appeals, and after ninety days from the imposition of the sentence moves in good faith to dismiss the appeal, would be left without recourse to sentence reconsideration. It is unlikely that the Legislature left the important task of ensuring a proper criminal sentence turn on such a flimsy distinction.

¶ 11. Additionally, it is conceivable that an appeal may be dismissed for reasons beyond the defendant's control. A defendant who suffers involuntary dismissal of the appeal after ninety days from the imposition of the sentence could lose the opportunity for sentence reconsideration without fault or remedy. The State's interpretation would force defendants to see every appeal to the end, no matter how futile or inadvisable it may become, only to preserve the opportunity for sentence reconsideration. Or it would force defendants to move for reconsideration in the trial court first, then appeal in hopes of preserving the motion for review after the case is remanded to the trial court if the appeal is dismissed. We fail to see what logical purpose such a procedural scheme would advance. See <u>Rhodes v. Town of Georgia</u>, 166 Vt. 153, 157, 688 A.2d 1309, 1311 (1997) ("We have long held that statutes should not be construed to produce absurd or illogical consequences.").

¶ 12. The State observes that Rule 35 is based on § 7042 and a previous version of Federal Rule of Criminal Procedure 35. Reporter's Notes, V.R.Cr.P. 35. When § 7042 was adopted, Federal Rule 35 provided, in relevant part:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

Menichino v. United States, 542 F.2d 235, 235 n.1 (5th Cir. 1976) (quoting F.R.Cr.P. 35 as in effect in 1976); see also 1977, No. 251 (Adj. Sess.), § 1 (adding 13 V.S.A. § 7042). The State points out that the Vermont rule omits "dismissal of the appeal" and "having the effect of upholding" a conviction. It argues that the Vermont Legislature intentionally omitted these phrases to exclude the dismissal of an appeal. We disagree.

¶ 13. What we glean from the differences between the Vermont provisions and former Federal Rule 35 is that the Vermont Legislature sought to achieve the same result as the federal rule, while rephrasing the language to account for distinctions between the state and federal court structure. Unlike the state provisions, the federal rule had to account for appellate review by an intermediate court of appeals and denials of petitions for certiorari by the U.S. Supreme Court. See Federal Rules of Criminal Procedure, Title 18 Appendix, Rule 35, Notes of Advisory Committee on Rules—1966 Amendment, https://uscode.house.gov/view.xhtml?path=/prelim@title18/title18a/node35&edition=prelim [https://perma.cc/QM5G-ZHBZ] (describing need to amend rule to address interplay between action of courts of appeals and U.S. Supreme Court on petition for certiorari). Vermont needed a simpler rule. The Vermont Legislature's choice of language, "any order or judgment . . . upholding a judgment of conviction," captures all four options in the federal rule: "affirmance of the judgment," "dismissal of the appeal," "denying review of" a conviction, and "having the effect of upholding" a conviction. Menichino, 542 F.2d

6

at 235 n.1.  Had the Legislature intended only affirmances to qualify, it would likely have retained the federal rule's language of "affirmance of the judgment."  Id.  The Legislature chose broader language but tailored to Vermont's court structure.  The fact that the state provisions derive from a rule that clearly allows sentence reconsideration upon affirmance and other procedures that leave in place a conviction only reinforces our conclusion.

¶ 14.  In sum, this Court's order dismissing defendant's first appeal, which left in place the underlying conviction, is an order upholding the conviction as provided in 13 V.S.A. § 7042(a) and V.R.Cr.P. 35(b).  Because defendant moved for reconsideration within ninety days of that order, the superior court's dismissal of his motion for sentence reconsideration must be reversed and the matter must be remanded for review on the merits.

Reversed and remanded.

FOR THE COURT:

_____
Associate Justice

7