NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 35

No. 2021-059

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Randy F. Therrien | March Term, 2022 |

Alison S. Arms, J.

Evan Meenan, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Joshua O'Hara, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Waples, Supr. J.,
Specially Assigned

¶ 1. **REIBER, C.J.** Twelve years after the trial court ordered defendant Randy Therrien to pay restitution, defendant filed a motion to vacate the order. The court denied the motion, concluding that it was untimely under Vermont Rule of Criminal Procedure 35. We agree and affirm but remand for the trial court to correct a computational error in the order pursuant to the parties' stipulation.

¶ 2. Defendant pleaded guilty to possession of stolen property in January 2008. Defendant's counsel stipulated that the probable-cause affidavit set forth a sufficient basis for the charges. The affidavit alleged that multiple customers of a storage company in Essex, Vermont, reported that property had been taken from their units. One customer, Michael Gladu, reported that several items, worth about $5000, were stolen from his unit. Another customer, Robert

Lefebvre, similarly reported that several items were stolen, including a three-wheel all-terrain vehicle (ATV). He believed that some tools and concrete finishing items were also stolen and was trying to discern precisely what was missing.

¶ 3. The court accepted defendant's guilty plea and sentenced defendant to eight months to two years' imprisonment. The plea agreement provided that a restitution hearing would be held. The court informed defendant that if the State pursued restitution, he would be obligated to pay it. Defendant responded that he understood but did not want to be transported to the restitution hearing as he anticipated serving his sentence in an out-of-state facility to receive vocational or educational training and did not want the hearing to interrupt his training. The court told defendant that he could participate by telephone, and defendant agreed to do so. The court told defendant that his "counsel would be here" and "she can thump the table when you're not here."

¶ 4. The restitution hearing proceeded over three days. The hearing was first scheduled in May 2008. One of the State's witnesses was unavailable, so the hearing was continued to June. Defendant participated by telephone, and his counsel confirmed that he would do the same at the continued hearing.

¶ 5. The second day of hearing was held on June 16, 2008. Defendant was not present, but the docket entries reflect that his attorney agreed that the hearing could proceed in his absence. The State presented testimony from Mr. Lefebvre, who stated that he had consulted with a vendor to determine how much it would cost to replace the stolen items. The State introduced exhibits that listed the stolen property, including the ATV and several tools, and the corresponding replacement value. The sum was $13,348.07. The court questioned whether replacement value was an appropriate measure of restitution, given the age of the items. It asked the State to find an expert or some other witness who could testify to their fair market value. The State agreed to present expert testimony about the fair market value of the items, and the court agreed to hold the next hearing on June 27.

2

¶ 6.     On June 27, 2008, the final day of the hearing was held before a different judge. Neither defendant nor his attorney were present. The court acknowledged that defendant was to appear by telephone and asked court staff whether defendant had called into the clerk's office. Court staff said that they had received no call, and the court replied, "Okay, so we can proceed." Only the State presented testimony and evidence. Ultimately, the court issued a $11,023 restitution judgment order.[1]

¶ 7.     In November 2020, defendant moved to vacate the restitution order and requested a new restitution hearing. Because the June 27, 2008, hearing was held without defendant or his attorney present, he argued that the proceeding violated his constitutional rights and Vermont Rule of Criminal Procedure 32(g)(1), which guarantees due process in restitution hearings. Defendant did not raise Rule 35 as a basis to vacate the order. The State opposed the motion as untimely, noting that Rule 35 requires a motion to correct a sentence to be filed within ninety days of the court imposing the sentence and defendant's motion was filed more than twelve years after restitution was ordered. It acknowledged that "some allowance may be made for the time he was incarcerated" but asserted that he had been released as of June 2009 and made no effort to contest the order until 2020.

¶ 8.     The court held hearings on defendant's motion in January and February 2021. The State reiterated that it opposed defendant's motion on timeliness grounds. The State then presented testimony of defendant's case manager from the Vermont Restitution Unit and introduced into evidence case notes memorializing all contacts between the Unit and defendant. The case manager testified that defendant had notice of the approximately $11,000 restitution order and knew about this balance "from the beginning in 2008 going forward." Defendant then testified that he had

---

[1] The other victim, Mr. Gladu, submitted an insurance claim for the stolen property. His insurance company covered the cost of the property less a $500 deductible payment. Accordingly, the court issued a separate order requiring defendant to pay $500 in restitution to Mr. Gladu. That order is not at issue here.

called into the court to participate in the June 27, 2008, hearing. He explained that he did not believe that any defense attorney was present on his behalf. He said he "heard the attorney's name . . . But after that, my phone went right out. I heard nothing more after that." He further testified that he knew nothing about the $11,000 order until he was released from incarceration in 2016.

¶ 9.    The court issued an order denying defendant's request to vacate the restitution order. The court first reasoned that Rule 35 applied because "[a]n obligation to pay restitution is part of a criminal sentence." 13 V.S.A. § 7043(p). Rule 35 provides that the court, "on its own initiative or on a motion of the defendant, may reduce a sentence within 90 days after the sentence is imposed." V.R.Cr.P. 35(b). The court noted that the Reporter's Notes to Rule 35 explain that the ninety-day time limit is codified by statute and uses "language similar to that used in the federal rule," which "is viewed as jurisdictional so that it cannot be enlarged or extended for any reason." Because the restitution order was more than ten years old, the court concluded that defendant's motion was "grossly untimely." Alternatively, it reasoned that defendant failed to show that the court abused its discretion in determining the amount of restitution, and that counsel's absence from the June 27, 2008, hearing did not constitute ineffective assistance because defendant had been represented at the June 16 hearing.

¶ 10.    Defendant moved to reconsider, arguing that he had been denied his constitutional rights to be present and represented by counsel at a critical stage of the proceeding, and therefore, his sentence was illegal and could be corrected at any time under Rule 35(a). The court denied the motion, noting that defendant had not refuted that his motion was untimely under Rule 35(b). It also rejected defendant's argument that his sentence was illegal under Rule 35(a) and could therefore be corrected at any time, explaining that Rule 35 differentiates between an illegal sentence—one not authorized by statute—and a sentence imposed in an illegal manner—one imposed under a "legally deficient or unlawful procedure." Reporter's Notes, V.R.Cr.P. 35. The

4

court reasoned that by objecting to the court's procedure, defendant claimed that the order was imposed in an illegal manner under Rule 35(a). Rule 35(a) provides that a sentence imposed in an illegal manner may be corrected "within the time provided herein for reduction of a sentence." Therefore, the ninety-day time limit in Rule 35(b) applied, and the claim was still untimely.

¶ 11. Defendant appealed. He argues that the court erred by denying his motion to vacate the restitution order because in his view, the ninety-day period to correct a sentence imposed in an illegal manner is neither mandatory nor jurisdictional. He contends that he was entitled to be present and be represented by counsel during the restitution hearing, and that the court violated his constitutional rights by holding the hearing without him or his attorney. He maintains that he was prejudiced because the court double counted the three-wheeler in its restitution award, and relied on the replacement value of some of the items when such a method had not been approved as a measure of restitution and contradicted the prior judge's determination that fair market value was the appropriate measure.

¶ 12. This Court usually reviews denials of motions for sentence reconsideration for abuse of discretion. State v. Oscarson, 2006 VT 30, ¶ 7, 179 Vt. 442, 898 A.2d 123. The legal issue in this case, however, is whether the trial court had discretion to consider a motion filed beyond the time limit set forth in Rule 35(a). We review this question of law de novo. Id.; see also State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126 ("The interpretation of procedural rules is a question of law which we review de novo.").

¶ 13. We generally construe procedural rules in the same manner as statutes and therefore begin with the rule's plain language. State v. Gurung, 2020 VT 108, ¶ 23, __ Vt. __, 251 A.3d 572. We also "consider the purpose [the rule] was designed to serve." Amidon, 2008 VT 122, ¶ 16. Further, we interpret the rule in accordance with other statutes and rules relating to the same subject as parts of a unified system. New Eng. Phoenix Co. v. Grand Isle Veterinary Hosp., 2022

VT 10, ¶ 25, __ Vt. __, 275 A.3d 134; see also State v. MacFarland, 2021 VT 87, ¶ 13, __ Vt. __, 275 A.3d 110 ("Procedural rules have statutory force." (quotation omitted)).

¶ 14.    Rule 35 provides in relevant part:

> **(a) Correction of Sentence.**  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> **(b) Reduction of Sentence.**  The court, on its own initiative or on motion of the defendant, may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after entry of any order or judgment of the Supreme Court upholding a judgment or conviction.

The rule is derived from 13 V.S.A. § 7042 and former Federal Rule of Criminal Procedure 35. Reporter's Notes, V.R.Cr.P. 35.  Section 7042 provides that within ninety days of imposing a sentence, a court "may upon its own initiative or motion of the defendant, reduce the sentence." 13 V.S.A. § 7042(a).  At the time § 7042 was enacted, see 1977, No. 251 (Adj. Sess.), Federal Rule of Criminal Procedure 35 mirrored its Vermont counterpart, except that it provided a 120-day time limit instead of ninety days.  See State v. Desjardins, 144 Vt. 473, 475 n.*, 479 A.2d 160, 161 n.* (1984); see also State v. Stearns, 2021 VT 48, ¶ 12, __ Vt. __, 260 A.3d 368 (providing text of former federal rule).

¶ 15.    We begin with defendant's assertion that the trial court erroneously denied his motion to vacate the restitution order on jurisdictional grounds.  To properly respond, we must clarify the basis of the trial court's decision.  Initially, the trial court held that defendant's motion was untimely under Rule 35(b)'s ninety-day time limit.  Although the court noted that this limit was viewed as jurisdictional, the court did not deny relief on the basis that it lacked jurisdiction. In its reconsideration decision, the court explained that to the extent defendant alleged that his sentence was imposed in an illegal manner under Rule 35(a), the motion was still untimely.  The court explained that Rule 35(a) limited the filing of motions to correct a sentence to "the time

provided herein for the reduction of sentence," thus incorporating the ninety-day limit in Rule 35(b) and making his claim still untimely.

¶ 16.    Accordingly, the trial court's decision was not based on a jurisdictional limitation; rather, it merely held that defendant's claim was untimely under Rule 35(a) and (b). Additionally, defendant failed to raise his argument regarding jurisdiction below in his motion to reconsider and therefore failed to preserve it for our review.[2] See State v. Ovitt, 2005 VT 74, ¶ 13, 178 Vt. 605, 878 A.2d 314 (mem.) (explaining that issue not preserved for appeal unless party "raises it with specificity and clarity" in proceedings below). For these reasons, we do not consider defendant's argument that the court erred by denying his motion on the basis that the time limit in Rule 35(a) is jurisdictional, or his argument that we should recognize the distinction between jurisdictional and claim-processing rules adopted by the U.S. Supreme Court. See Hamer v. Neighborhood Hous. Servs. of Chi., 583 U.S. __, __, 138 S. Ct. 13, 17-18 (2017) (summarizing distinction). We instead construe defendant's argument to contend that the court erred by dismissing his claim as untimely because the court has discretion to consider such a motion after the ninety-day period has passed.

¶ 17.    The time limit set forth in Rule 35(a) is clear. The plain language provides that a court may correct a sentence imposed in an illegal manner within the same time provided for reduction of a sentence. In turn, Rule 35(b) provides that a court may reduce a sentence within ninety days of when the sentence is imposed or when this Court enters an order or judgment upholding a conviction. In Desjardins, we held that a literal reading of Rule 35(b)—requiring the

---

[2]    Defendant does not raise a "fundamental jurisdictional defect" that would allow this Court to consider, for the first time on appeal, whether the trial court properly exercised jurisdiction. State v. Thompson, 2011 VT 98, ¶ 9, 190 Vt. 605, 30 A.3d 671 (mem.); see also Boisvert v. Boisvert, 143 Vt. 445, 447, 466 A.2d 1884, 1185 (Vt. 1983) ("It is well settled that a court's lack of subject matter jurisdiction may be raised at any time."). "Lack of jurisdiction constitutes fundamental error because a trial court cannot act in excess of its authority," but a "court's failure to exercise its own authority does not trigger the concerns underpinning the doctrine of fundamental error. Such an error requires preservation before it may be raised on appeal." State v. Williams, 260 So. 3d 472, 474 (Fla. Dist. Ct. App. 2018).

court to act within ninety days—could render the rule useless through no fault of the defendant if the court, for whatever reason, did not act on the motion within the prescribed time. 144 Vt. at 475-76, 479 A.2d at 162. Accordingly, we held that the ninety-day period applies to the filing of a motion, or the initiation of action by the court itself. Id. at 476, 479 A.2d at 162. Thus, Rule 35(a) imposes a ninety-day time limit to file a motion to correct a sentence imposed in an illegal manner.

¶ 18. The Rules of Criminal Procedure expressly provide that the time limits in Rule 35 may not be extended. Rule 45 provides that generally, when the rules specify a period of time for an action, the time may be extended for good cause if a motion is made within the time period; if the party fails to act before the period expires, the party must also show excusable neglect. V.R.Cr.P. 45(a). But the rule also provides the following exception: "The court may not extend the time to take any action under Rule 35, except as stated in that rule." V.R.Cr.P. 45(b)(2). Had the rule been intended to allow litigants to seek extensions of time for motions under Rule 35, it would not have expressly exempted such actions from the general provisions of Rule 45(b). See State v. Villar, 2017 VT 109, ¶ 7, 206 Vt. 236, 180 A.3d 588 (explaining that when this Court construes procedural rules, "we look first to the rule's plain language" and "[t]he plain ordinary meaning of the words control" (quotation omitted)). Accordingly, Rule 45 makes plain that the ninety-day time limit in Rule 35(a) is inflexible. A motion to correct a sentence allegedly imposed in an unlawful manner that is filed more than ninety days of the sentence being imposed or this Court upholding a conviction must be denied as untimely.

¶ 19. Defendant's arguments to the contrary are unavailing. Defendant contends that we should instead construe the ninety-day period to be flexible if justified by fairness and justifiable delay, pointing to Rule 2. Rule 2 provides that the Rules of Criminal Procedure "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay". We disagree. "Fairness" and "justifiable delay" are essentially analogs to

"good cause" and "excusable neglect," and Rule 45(b)(2) expressly prohibits courts from applying that analysis to determine whether to extend time under Rule 35. Defendant's proposed test would render the exception in Rule 45(b)(2) meaningless.

¶ 20. Indeed, the U.S. Supreme Court rejected a similar argument in Carlisle v. United States, 517 U.S. 416 (1996). There, the petitioner filed a motion for a judgment of acquittal one day after the seven-day period allowed by Federal Rule of Criminal Procedure 29(c). Federal Rule of Criminal Procedure 45(b) provided that a court "may not extend the time for taking any action under Rule 29 . . . except to the extent and under the conditions stated" in that rule. The Court concluded that "[t]hese Rules are plain and unambiguous. . . . There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal" regardless of the merits of the claim or the reasons why it was filed late. Id. at 421. The petitioner also argued that a court could grant an untimely motion under Federal Rule of Criminal Procedure 2, which mirrors Vermont Rule of Criminal Procedure 2. The Court concluded that Rule 2 was "of no aid to petitioner" because it "sets forth a principle of interpretation to be used in construing ambiguous rules, not a principle of law superseding clear rules that do not achieve the stated objectives. It does not, that is to say, provide that rules should be construed to mean something other than what they plainly say." Id. at 424. The Court reasoned that such an outcome is "what petitioner's proposed construction of Rule 29(c) would require." Id. The same reasoning applies here.

¶ 21. Defendant also argues that the ninety-day limit is not mandatory because the rule lacks a consequence for a party's failure to comply. In the statutory context, we have explained that the question of "whether statutory language is mandatory or directory is one of legislative intent." In re Mullestein, 148 Vt. 170, 174, 531 A.2d 890, 892 (1987). Generally, "a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a certain time period and specifies a consequence for failure to comply with the provision."

9

Id. at 173-74, 531 A.2d at 892 (quotation, alteration, and emphases omitted). By contrast, a statute is considered directory when it "directs the manner of doing a thing and is not of the essence of the authority for doing it." Id. at 174, 531 A.2d at 892-93 (quotation omitted). Compliance with directory statutes "is never considered essential to the validity of the proceeding, unless such is the expressed or evident intention of the legislature." Id. (quotation omitted).

¶ 22. This argument fails for several reasons. As with the jurisdictional argument, defendant failed to raise it before the trial court and preserve it for our review. See Ovitt, 2005 VT 74, ¶ 16. Additionally, we note that while we generally construe procedural rules in the same manner as statutes, we have never applied the Mullestein framework to procedural rules. Indeed, the framework appears inapt in this context, as it refers to statutory deadlines that govern agencies or public officials, not litigants. Cf. In re O'Dea, 159 Vt. 590, 597, 662 A.2d 507, 512 (1993) (per curiam) (concluding that time limits in Rules for Disciplinary Control of Judges governing actions of Judicial Conduct Board were directory and Board did not lose jurisdiction by failing to take timely action). Nor do procedural rules typically specify a consequence for the failure to comply with a time period, as provisions like Rule 45 explain how to compute time and seek an extension if applicable. We need not decide whether to adopt the Mullestein framework in this case, however, because the result would be the same. The Rules of Criminal Procedure do not provide a court with discretion to consider a motion to correct a sentence imposed in an illegal manner after the ninety-day period has elapsed. Rule 35 provides that such motions must be filed within ninety days, and Rule 45 provides that this limit may not be extended. These procedural rules have the force of statutory law. MacFarland, 2021 VT 87, ¶ 13.

¶ 23. Finally, defendant argues that the exception in Rule 45(b)(2) should not apply here because the Reporter's Notes explain that the rule "provide[s] generally for extension of the time established for an act under the rules . . . with the exception of a Motion for Reduction of Sentence under Rule 35, the time for which is expressly established by statute, 13 V.S.A. § 7042(a)."

Reporter's Notes—2018 Amendment, V.R.Cr.P. 45. Defendant reasons that because there is no similar statutory provision setting a time period for motions to correct a sentence imposed in an illegal manner, the purpose of the exception in Rule 45(b)(2) is not served by applying it to all motions filed under Rule 35.

¶ 24. We disagree. Although the Reporter's Notes only mention motions for reduction of sentence, the language of the rule expressly applies to "any action under Rule 35." Generally, the Reporter's Notes cannot overcome the plain language of a procedural rule. See MacFarland, 2021 VT 87, ¶ 16 n.4. Moreover, this is not a situation like Desjardins where a literal reading of the rule would render it useless. See 144 Vt. at 476, 479 A.2d at 162. Rule 35(b) and its statutory counterpart, § 7042, "serve an equitable purpose—'to permit the trial judge to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice.' " Stearns, 2021 VT 48, ¶ 9 (quoting State v. Therrien, 140 Vt. 625, 627, 442 A.3d 1299, 1301 (1982) (per curiam)). However, the rule balances this equitable purpose against the need for finality in decisions by providing a ninety-day window in which a party may file a motion (or the court may initiate action) to reduce a sentence. Rule 35(a) likewise strikes this balance by using the same time frame for motions to correct a sentence imposed in an illegal manner. The rule could have provided that a court may correct a sentence imposed in an illegal manner at any time, as it does for correction of illegal sentences, but instead imposes Rule 35(b)'s ninety-day limit. And the plain language of Rule 45(b)(2) mandates that this time period cannot be extended unless Rule 35 so provides, which it does not. Accordingly, neither the plain text nor the purpose of the rules support defendant's position.

¶ 25. In sum, defendant filed a motion to correct his sentence more than twelve years after the strict ninety-day period to file such a motion expired. Accordingly, the trial court lacked discretion to consider the merits of the motion and correctly dismissed it as untimely. For this reason, we do not reach defendant's arguments regarding the merits of his motion.

¶ 26. However, the parties stipulate to the correction of a computational error in the restitution order. At the June 27, 2008, hearing, Mr. Lefebvre testified that the replacement value of the three-wheel ATV was $3800. He stated that he purchased the ATV in 1982 for $1675. Next, he introduced evidence that a vendor estimated the fair market value of his two power trowels to be $600 and $800. Finally, he testified about a list of other missing tools. The court admitted the State's exhibit that listed each missing tool and its replacement value. The sum was $13,348.07, the same amount that the State had sought at the June 16 hearing, which included the replacement value of the ATV. The State clarified that that amount included the replacement value of the power trowels. The State substituted the fair market value of the trowels for their replacement value in the $13,348.07 figure and submitted that it sought $9,348.07 for the tools. It appears that no one realized that this figure still included the replacement value of the ATV. The court agreed to award that amount in restitution. As to the three-wheeler, the court determined that it would award Mr. Lefebvre $1675, the amount that he paid for it. The court thus ordered defendant to pay $11,023.07 in restitution.

¶ 27. The parties agree that the June 27, 2009, restitution order double counted the value of the three-wheel ATV. Under Vermont Rule of Criminal Procedure 36, "[c]lerical mistakes in judgments, orders, or other parts of the record and error therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Accordingly, we remand this case for the criminal division to correct under Rule 36 the computational error in the June 27, 2009, restitution order to Mr. Lefebvre.

The decision is remanded for the criminal division to correct the computational error noted in paragraphs 26-27; otherwise, the decision is affirmed.

FOR THE COURT:

_____
Chief Justice

12