## State of Vermont v. Steven C. Tanner

[532 A.2d 584]

No. 86-059

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Robert M. Butterfield*, Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Steven C. Tanner*, pro se, Lyndonville, for Defendant-Appellant.

**Per Curiam.** Defendant appeals a denial of the second of two motions to withdraw a guilty plea to a charge of driving a motor vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(1). The motions came after the defendant was sentenced to probation after a full and complete V.R.Cr.P. 11 examination at which defendant, who was represented by counsel, personally assured the court of his understanding as to the rights being waived and the voluntariness of his plea. No plea agreement was involved, and the defendant was advised by the court of the probable sentence before the entry of his plea.

Since the motion was made after sentence, withdrawal is permitted only to correct manifest injustice. See V.R.Cr.P. 32(d). Both motions were denied by different judges without hearings. A hearing is required if the motion raises issues that objectively address the manifest injustice standard. See *In re Stevens*, 144 Vt. 250, 255-56, 478 A.2d 212, 215 (1984). The defendant, in this case, did not meet this preliminary requirement.

*Affirmed.*