**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-173

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

State of Vermont v. Jeffrey Rivard*

}    APPEALED FROM:
}    Superior Court, Windham Unit,
}    Criminal Division
}    CASE NO. 21-CR-04088
Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Defendant appeals a criminal division order denying his motion to withdraw a guilty plea. On appeal, he argues that withdrawal was supported by manifest injustice due to new evidence, ineffective assistance of counsel, and defendant's stress at the time of the agreement. He also contends that the court erred in denying his request without a hearing, and there was no factual basis for his plea. We affirm.

In June 2021, defendant was charged with leaving the scene of a crash resulting in property damage. The charge alleged defendant violated 23 V.S.A. § 1128(a), which requires an operator involved in a crash to "immediately stop and render any assistance reasonably necessary" and to "give his or her name, residence, license number, and the name of the owner of the motor vehicle to any person who is injured or whose property is damaged." In February 2024, defendant pleaded guilty, admitting that his car hit another car and he left the area without providing information to the other driver. As part of the plea agreement, the State dismissed several other charges. State v. Rivard, 25-AP-017, 2025 WL 1355890, at *1 (Vt. May 9, 2025) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo25-017.pdf. Defendant's agreed-to sentence required him to participate in and complete a community reparative-board program. In April 2024, the reparative board notified the court that defendant successfully completed the program. In October 2024, defendant moved to have the case placed in "nonconviction status." The criminal division denied the request, concluding that there was no case pending. This Court affirmed on appeal. Id.

Defendant then moved to withdraw his plea, alleging he was innocent because his insurance and information was ultimately provided to police by his wife and that his counsel was ineffective for failing to investigate and discover this fact. Defendant appended an affidavit from his wife indicating that she provided all insurance information to law enforcement on the day of the accident. Without a hearing, the criminal division denied the motion. The court concluded that defendant had not established the necessary manifest injustice to withdraw a plea because defendant's claim of actual innocence was not a proper basis for a plea withdrawal, and in any event, defendant's proffered facts did not establish innocence since the charge was linked to defendant's failure to provide information at the scene of the accident. The court also found no basis for defendant's allegation of ineffective assistance because defendant failed to show how any additional investigation would have impacted the outcome. Defendant appeals.

A motion to withdraw a plea after sentence is imposed may be granted "only to correct manifest injustice." V.R.Cr.P. 32(d). "The withdrawal of a guilty plea is not a matter of right but is within the sound discretion of the court, and the burden is upon the defendant to show that the court abused its discretion in denying the motion to withdraw." State v. Scelza, 134 Vt. 385, 385 (1976).

We first address defendant's argument that the court erred by failing to hold a hearing on his motion. The trial court has discretion regarding whether to have oral argument before deciding a motion. See V.R.Cr.P. 47(b)(3) (explaining that oral argument is in court's discretion and court can dispose of motion without argument). Here, the court did not abuse its discretion in declining to have oral argument on the motion given that the court accepted defendant's factual assertions and resolution of the motion did not depend on a factual dispute. See State v. Tanner, 148 Vt. 384, 385 (1987) (per curiam) (explaining that no hearing on motion to withdraw plea required where motion does not raise issue that objectively meets manifest-injustice standard).

Defendant contends that the court further abused its discretion in declining to find that manifest injustice supported withdrawal of his plea. Defendant claims that his wife provided insurance information to police on the day of the accident. He asserts that this amounted to new evidence showing he was innocent and that his counsel was ineffective for failing to discover it. Defendant was charged with failing to provide information to the driver of the other vehicle at the time of the crash. Even if defendant's wife later provided that information to police, this would not affect defendant's guilt. Consequently, discovery of this evidence would have no impact on the criminal proceeding and therefore any failure to discover it could not be ineffective assistance. Thus, the court did not abuse its discretion in finding there was no manifest injustice and denying defendant's motion.

Finally, defendant makes several claims not raised below, including that manifest injustice occurred because resolution of his criminal case was unfairly delayed and he was suffering from anxiety and a mood disorder at the time of the plea, and the plea agreement did not address all elements of the charged offense. Because these arguments were not properly presented to the trial court, they were not preserved for appellate review. See State v. Ovitt, 2005 VT 74, ¶ 13, 178 Vt. 605 (mem.) (explaining that Court will not consider issues not raised

2

in proceedings below where trial court has opportunity to fully develop facts and reach legal conclusions).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice